IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | CASE NO. 3:07-CR-178-B |
| | § | |
| OVIDIU TAUT | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Ovidiu Taut filed a "Motion for Modification of Judgment
Restitution" (ECF No. 778), in which he asks the Court to forgive a portion of his
restitution obligation. For the following reasons, the Court should deny the
Motion.

I.

In 2008, Defendant pleaded guilty to one count of conspiracy to commit
mail fraud and health care fraud in violation of 18 U.S.C. § 1349. As part of his plea
agreement, he admitted to willingly and knowingly participating in four staged
vehicle accidents, resulting in $167,832.00 in losses to various victim insurance
companies. The Court sentenced Defendant to 28 months imprisonment followed
by a three-year term of Supervised Release. The Court further ordered him to pay
$167,833.50 in restitution, as required by the Mandatory Victim Restitution Act
(MVRA), 18 U.S.C. §§ 3663A-3664. It also ordered Defendant and nine co-

Case 3:07-cr-00178-B    Document 782    Filed 05/15/20    Page 2 of 8    PageID 3586

defendants to pay restitution jointly and severally, as summarized by the Government in its response to Defendant's Motion:

| Indictment Identifier | Defendant's Name | Restitution Ordered | Ordered J&S with O. Taut |
|---|---|---|---|
| 1 | Andy Nguyen (01) | $772,887.91 | $167,833.50 |
| 5 | Daniel Covaci (05) | $121,348.39 | $39,850.83 |
| 8 | Tim Ngo (08) | $127,129.00 | $100,449.38 |
| 11 | Cindy Nguyen (11) | $202,700.95 | $20,638.38 |
| 12 | Joe Nguyen (12) | $39,960.17 | $39,960.17 |
| 17 | Daniel Pascu (17) | $159,223.45 | $127,982.67 |
| 18 | Nona Taut (18) | $106,366.18 | $60,598.55 |
| 19 | **Ovidiu Taut (19)** | **$167,833.50** | **$167,833.50** |
| 20 | Tay Tran (20) | $78,806.31 | $67,384.12 |
| 22 | Phuong Truong (22) | $597,580.35 | $88,022.50 |

Resp. 2 (ECF No. 779). Defendant did not appeal the judgment, and the time for filing an appeal has passed. Instead, Defendant served his term of imprisonment and completed his supervised release. He has been making monthly payments on his restitution obligation. As of April 2020, Defendant still owed more than $140,000 in restitution.

In his Motion, Defendant states that he intends to sell his home and earn from the sale "a lump sum of money that will equal close to one-half of the outstanding restitution balance." He asks the Court to accept this lump sum and forgive what then remains unpaid. He also asks the Court to abate the restitution as to his deceased wife, Co-Defendant Nona Taut, who died in 2018. The Government opposes Defendant's Motion and asks the Court to compel Defendant to appear for a debtor's exam.

2

## II.

The MVRA "requires a sentencing court to order restitution for a victim's 'actual loss directly and proximately caused by the defendant's offense of conviction.'" *United States v. McKenzie*, 550 F. App'x 221, 225 (5th Cir. 2013) (per curiam) (quoting *United States v. Sharma*, 703 F.3d 318, 323 (5th Cir. 2012)); 18 U.S.C. § 3663A. It "serves the dual purposes of ensuring 'that criminals pay full restitution to their victims for all damages caused as a result of the crime' and providing 'those who suffer the consequences of crime with some means of recouping the personal and financial losses.'" *United States v. Rooney*, 2014 WL 3865974, at *2 (N.D. Tex. Aug. 6, 2014) (Fitzwater, J.) (quoting U*nited States v. Edward D. Jones & Co.*, 2011 WL 7025905, at *1 (E.D. Tex. Dec.21, 2011)).

"Once the sentencing judge imposes a defendant's sentence, the district court has limited authority to revisit that sentence, and its authority must derive from a specific statute or rule." *Id.* at *3 (quoting *United States v. Fromm*, 2014 WL 2864710, at *2 (N.D. Ill. June 18, 2014)). "A restitution order, like the other components of a criminal sentence, is a final judgment, and it can be modified post judgment only under limited circumstances." *Id.*

## A.

Defendant contends his request is authorized by 18 U.S.C. § 3664(k). Under that provision of the MVRA, a defendant who is ordered by the district court to pay restitution may notify the court "of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay

restitution," and "[u]pon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3664(k). On its face, § 3664(k) authorizes the court only to "adjust the payment *schedule*" or "require immediate payment in full"; it does not permit the court to reduce the total amount of restitution due. *See United States v. Wyss*, 744 F.3d 1214, 1219 (10th Cir. 2014) ("Neither subsection (k) nor any other provision of § 3664, however, authorizes a reduction in the *amount* of restitution ordered[.]" (emphasis added)); *United States v. Mandel*, 179 F. App'x 965, 966-67 (7th Cir. 2006) ("[Section 3664(k)] permits a defendant to seek a revised payment schedule, but not a reduced obligation."); *United States v. Pascucci*, 2009 WL 1726341, at *3 (S.D.N.Y. June 18, 2009) ("Although 18 U.S.C. § 3664(k) permits courts to adjust the payment schedule or require immediate payment in full, it does not permit courts to eliminate or reduce the restitution obligation").  As another court in this district has observed, § 3664(k) "provides no basis for the discharge of an entire restitution obligation on grounds of a negotiated partial payment." *Rooney*, 2014 WL 3865974, at *3 (quoting *United States v. Maestrelli*, 156 F. App'x 144, 146 (11th Cir. 2005) (per curiam). Defendant's request to forgive a portion of his restitution obligation upon the payment of a lump sum representing the proceeds from the sale of his home should be denied.

B.

Defendant also argues that the Court should forgive any restitution obligation remaining after he pays the lump sum derived from the proceeds from the sale of his house because his co-defendants remain jointly and severally liable for the entire amount. "If the court finds that more than one defendant has contributed to a victim's loss, the court has the discretion to find each defendant liable for payment of the full amount of restitution, i.e., joint and several liability among the defendants." *United States v. Sheets*, 814 F.3d 256, 260 (5th Cir. 2016) (citing 18 U.S.C. § 3664(h)). "In the alternative, the court may apportion liability among the defendants to require contribution from a defendant solely based on the loss the defendant caused to the victim and the economic circumstances of each defendant." *Id.* (citations omitted). "In some instances, courts apply a hybrid approach in imposing restitution—frequently employing a combination of the apportionment of liability approach while concurrently making all of the defendants jointly and severally liable." *Id.* (collecting cases).

In this case, the sentencing court used a hybrid approach and ordered Defendant to pay restitution for the losses he caused. That Defendant has or may have contributed more than his co-defendants toward satisfying the restitution award is not a reason to relieve him of his duty to pay restitution before the victims are made whole. *United States v. Puentes*, 803 F.3d 597, 605 (11th Cir. 2015) (finding that the MVRA does not permit eliminating a defendant's restitution obligation because his co-defendants remain jointly and severally liable).

Defendant's request to forgive a portion of his restitution obligation based on his co-defendants' continued joint and several liability should be denied.

C.

Defendant further argues that his deceased wife's obligation to pay restitution should be abated. However, "an order of restitution made pursuant to [18 U.S.C. §§] 3663A, or 3664 . . . is a lien in favor of the United States on all property and rights to property of the person [subject to the order.]" 18 U.S.C. § 3613(c). Additionally, the liability of a person to pay restitution extends until "the date that is the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person ordered to pay restitution." *Id*. § 3613(b). "In the event of the death of the person ordered to pay restitution, the individual's estate will be held responsible for any unpaid balance of the restitution amount, and the lien . . . shall continue until the estate receives a written release of that liability." *Id.* Here, the Court's order of restitution against Defendant's deceased wife is lien in favor of the United States against all of her property. That lien is valid and enforceable through 2029, notwithstanding her death in 2018. Accordingly, Defendant's request for "abatement" of the lien against Nona Taut's property should be denied.

III.

At the conclusion of its response, the Government asserts that Defendant has refused to provide an updated financial statement and requests the Court compel him to submit to a debtor's exam. Under the MVRA, the Government may

enforce a restitution order "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). And Texas Rule of Civil Procedure 621a authorizes post-judgment discovery "for the purpose of obtaining information to aid in the enforcement of [a] judgment[.]" Tex. R. Civ. P. 621a. Accordingly, the Government could serve discovery requests, including interrogatories, requests for production, or a deposition subpoena, on Defendant to obtain information to determine his ability to pay restitution. However, it does not appear that the Government has served any discovery requests on Defendant. Therefore, the Court should not "compel" Defendant to submit to a "debtor's exam." The Government's request should be denied without prejudice.

IV.

The Court should DENY Defendant's "Motion for Modification of Judgment Restitution" (ECF No. 778) and DENY without prejudice the Government's request to compel Defendant to submit to a debtor's exam.

SIGNED May 15, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

8